FILED
SUPERIOR COURT
OF GUAM

2020 DEC 29 PM 4:02

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| HARGOPAL S. SACHDEV,<br><br>Plaintiff,<br><br>vs.<br><br>AMARJIT S. SACHDEV, PICHET SACHDEJ, PAUL'S (GUAM), INC., and JPR, INC.,<br><br>Defendants. | CIVIL CASE NO. CV0626-11<br><br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on December 3, 2019, upon the Plaintiff's Motion for Reimbursement of Fees and Costs Re: Private Attorney General filed September 4, 2020 ("Motion"). Attorney Daniel J. Berman represents Plaintiff Hargopal S. Sachdev ("Plaintiff"). Defendants Amarjit S. Sachdev, Pichet Sachdej, Paul's (Guam), Inc., and JPR, Inc. (collectively, "Defendants") were represented by Attorneys Cesar Cabot and Jon R. Ramos. For the reasons set forth below, having reviewed the pleadings and oral arguments in this matter, the Court issues the following Decision and Order.

## BACKGROUND

The instant case arises from a dispute between three brothers and two corporate defendants. Both the procedural history and facts of this case have been thoroughly outlined in the various pleadings and orders in the record. Thus, the following facts are only those pertinent to the instant motion. The facts set forth in the Plaintiff's Motion are not disputed.

On June 21, 2017, the Court executed a Final Judgment ("Judgment") confirming the arbitration awards in this matter. On December 4, 2017, the Plaintiff filed a Request for Order to Show Cause and Order to Show Cause alleging that the Defendants failed to "make a contribution of $100,000.00 to a licensed tax-exempt charity in the name of Teja Singh Sachdev, and shall provide proof of such contribution to Plaintiff" pursuant to the Judgment. The Plaintiff argued that instead of a monetary contribution of $100,000.00 to a charity, the Defendants delivered various school uniforms to private schools in the name of Teja Singh Sachdev purportedly valued at that amount. The Defendants, on the other hand, maintained that they had fully complied with the Judgment, arguing that the Judgment did not specify that the required charitable contribution must be a cash contribution.

On February 9, 2018, the Referee issued a Decision and Recommendation on Plaintiff's Request for Order to Show Cause, finding the Defendants in contempt for willfully failing to comply with the terms of the Judgment. Thereafter, having yet to satisfy the Judgment, the Plaintiff filed another Request for Order to Show Cause why an Order should not be made finding the Defendants to be in contempt of Court for willfully failing to contribute $100,000.00 in cash to a tax-exempt charity. Consequently, the Court ordered the Defendants to appear to show cause why they should not be held in contempt for failing to comply with the terms of the Judgment and the Referee's Decision. A hearing was held on the Plaintiff's Order to Show Cause on September 27, 2018.

On February 1, 2019, the Court issued its Decision and Order affirming the Referee's Decision and Recommendation on Plaintiff's first Request for Order to Show Cause. Thus, adopting the finding and conclusions contained therein, the Court found the Defendants in contempt for willfully failing to comply with the terms of the Judgment. Further, the Court adopted the Referee's recommendation and scheduled further proceedings to determine whether and to what extent the Defendants should be given credit for the school uniforms donated to St. John's School and St. Paul Christian School. The Evidentiary Hearing in this matter was held on July 1, 2019.

On July 22, 2020, having reviewed the evidence and testimonies of the parties and their witnesses, the Court found it was equitable and just to credit the Defendants the "costs of goods sold" of the school uniforms donated to both schools – that is, Sixty-Two Thousand Dollars ($62,000.00) for the uniform articles donated to St. John's School, and Twenty-Two Thousand Dollars ($22,000.00) for the uniform articles donated to St. Paul's Christian School. Thus, the Court credited the Defendants Eighty-Four Thousand Dollars ($84,000.00) toward their satisfaction of the Judgment, and further ordered the Defendants to pay the remaining amount due in cash to a tax-exempt charity in the name of Teja Singh Sachdev, and to provide proof of such payment to the Plaintiff.

On September 4, 2020, the Plaintiff filed the instant Motion, requesting reimbursement of attorneys' fees and costs in his favor based on the Private Attorney General ("PAG") exception to the American Rule governing awards of legal fees in civil litigation. The Plaintiff argues that litigation in this matter, between June 21, 2017 and the present, all arise from the Defendants' failure to make and pay the One Hundred Thousand Dollar ($100,000.00) charitable contribution as contained in the Judgment. Specifically, the Plaintiff asserts that he has incurred attorneys' fees and costs in the amount of Ten Thousand Seven Hundred Dollars ($10,700.00) to enforce the Judgment obligation on the Defendants.

On October 2, 2020, the Defendants filed their Opposition to the Plaintiff's Motion. The Defendants contend that the Court should deny the instant motion on the grounds that the PAG exception is unrecognized in Guam and also inapplicable in this matter. Therefore, the Defendants argue that each side bears their own costs. The Plaintiff filed his Reply on October 12, 2020.

On December 3, 2020, a hearing was held on the instant motion. The parties and their counsel appeared via Zoom. At the conclusion of the hearing, the Court took the matter under advisement.

## DISCUSSION

The award of attorney's fees in United States jurisdictions, including Guam, applies what is commonly referred to as the "American Rule." *Fleming v. Quigley*, 2003 Guam 4 ¶ 7.

"Under the American Rule, parties bear their own litigation expenses, including attorney's fees." *Id.* (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)); *see also* 7 GCA § 26601(f). There are several exceptions to this rule, which include matters where attorney's fees are: (1) authorized by statute, (2) authorized by contract, or (3) *allowed in judicially-established equitable circumstances.*" *Fleming*, 2003 Guam 4 ¶ 7 (emphasis added) ("If an exception applies, fee-shifting is allowed."). In *Fleming*, the Guam Supreme Court took notice of commonly recognized equitable exceptions to the American Rule, including "the common fund, substantial benefit, private attorney general, third-party tort, and bad faith theories of recovery." *Id.* at n. 3 (citing *Trope v. Katz*, 902 P.2d 259, 263 (1995); *Young v. Redman*, 128 Cal.Rptr. 86, 92 (Ct.App.1976)). Further, citing *Fleming*, the Guam Supreme Court in *Moylan*, again recognized the aforementioned equitable exceptions to the American Rule. *In re Guardianship of Moylan*, 2018 Guam 8 ¶ 24 ("attorney's fees may . . . be awarded if authorized by . . . equitable circumstances.").

Here, the Defendants argue that Guam has neither recognized nor established a private attorney general equitable exception to the American Rule. In their Opposition, the Defendants cite to another trial court decision, *Chargualaf v. Dep't of Public Health (Garrido)*, SP0049-17 (Dec. Order, Nov. 23, 2017), to support their argument. In *Chargualaf*, the trial court denied a motion for attorney's fees, finding that Guam had not established the private attorney general exception, nor had it yet to be applied to any case in Guam. *Id.* Therefore, the trial court held that it was without authority to grant an award of attorney's fees under the private attorney general exception. *Id.*[1] The Court however, notes that *Chargualaf* was a 2017 decision. The following year, the Guam Supreme Court issued *Moylan*, which, as aforementioned, recognized the common equitable exceptions to the American Rule, including the private attorney general exception. *See Moylan*, 2018 Guam 8 ¶ 24 (citing *Fleming*, 2003 Guam 4 ¶ 7). Further, this Court is not bound by another trial court's decision. Thus, because *Chargualaf* is not binding

---

[1] In *Chargualaf*, the trial court reasoned that, notwithstanding the applicability of the private attorney general exception, the Doctrine of Sovereign Immunity controlled and foreclosed all legal fees to Petition. *Id.* at p. 4, ln 11-20; p. 5, ln. 1-15.

upon this Court, and in light of the Guam Supreme Court's recent opinion in *Moylan*, the Court will nonetheless invoke its inherent equitable authority to apply the private attorney general exception in this instance. *See Fleming*, 2003 Guam 4 ¶ 32 ("Courts have the inherent discretionary power to award attorney's fees in accordance with equitable principles in specified circumstances."); *see also Trope*, 45 902 P.2d at 263 (Courts have relied on their "inherent equitable authority" to develop several exceptions to the American Rule.); *Alyeska*, 421 U.S. at 259 (recognizing the "inherent power in the courts to allow attorney's fees in particular situations"); *Young*, 128 Cal.Rptr at 92 (recognizing specific circumstances wherein an award of attorney's fees is warranted in accordance with equity).

Generally, to prevail under the private attorney general exception, the moving party must establish all of the following: (1) he or she is a successful party; (2) the action has resulted in the enforcement of an important right affecting the public interest; and (3) the action has conferred a significant benefit on the public or a large class of persons, and (4) an attorney fees award is appropriate in light of the necessity and financial burden of private enforcement. *Graham v. DaimlerChryslet Corp.*, 101 P.3d 140, 147 (Cal. 2004). "[T]he fundamental objective of the doctrine is to encourage suits enforcing important public polices by providing substantial attorney fees to successful litigants in such cases." *Id.* (citing *Maria P. v. Riles*, 43 Cal.3d 1281, 1288-1289 (1987)).

Here, the private attorney general equitable exception to the American rule, although a valuable doctrine, is inapplicable in this case. The instant litigation is a suit between three brothers, brought before this Court to enforce a Judgment ordering the Defendants to make a charitable contribution under the name of their father. In the Court's latest decision, the Defendants were credited for their donation of school uniforms to St. John's School and St. Paul Christian School and were ordered to pay the remaining amount under the Judgment, that is $16,000.00 cash, to a recognized charity. Nothing about this case deals with the enforcement of an important right affecting the public interest, nor has the action conferred a significant benefit on the public or a large class of persons. While the Judgment in this case required the Defendants to make a monetary contribution to a charity, the contribution was made to a

specific charity, with a specific purpose, for a specific person. Thus, based on the foregoing, the Court finds that benefit incurred is not significant enough nor does it affect the public or large class of persons to the extent that an award of attorney's fees under the private attorney general equitable exception is warranted.

Accordingly, the Court **DENIES** the Plaintiff's Motion for Reimbursement of Fees and Costs. Each side shall bear their own costs.

**CONCLUSION**

For the reasons set forth above, the Court hereby **DENIES** the Plaintiff's Motion for Reimbursement of Fees and Costs Re: Private Attorney General. Each side shall bear their own costs.

**IT IS SO ORDERED** _____ DEC 2 9 2020 .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_Berman, Cabot_
_W. Fitzgerald_
Date: _12/29/20_  Time: _20_
_Brianna_
Deputy Clerk, Superior Court of Guam